Elliot M. Elo, Esq.
The Law Office of Elliot M. Elo, Esq. PLLC
42 West 48th Street, 2nd Floor
New York, NY, 10036
Tel: (212) 302-1257
*Attorney for Plaintiff, John Vaillant Morales*
*on behalf of himself and all others similarly situated*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

**JOHN VAILLANT MORALES**                                     **JURY TRIAL DEMANDED**

      **Plaintiff,**

           v.                                                    Case No.

**LVNV FUNDING, LLC, d/b/a RESURGENT**
**CAPITAL SERVICES L.P.**

      **Defendant,**
-------------------------------------------------------X

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

      Plaintiff, by and through his counsel, Elliot Elo, Esq., as and for his complaint against Defendant, on behalf of him and all others similarly situated, alleges as follows:

## I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, John Vaillant Morales (hereinafter "Plaintiff"), an individual consumer against Defendant, LVNV Funding LLC (hereinafter "Defendant"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in their attempts to collect alleged debts from Plaintiff and others similarly situated.

2. Plaintiff alleges that the Defendant's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

3. The FDCPA broadly prohibits conduct that harasses, oppresses, or abuses any debtor; any false, deceptive, or misleading statements concerning the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. *See generally* 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." Glover v. FDIC, 698 F.3d 139 (3d. Cir. 2012) (citing Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## II. JURISDICTION AND VENUE

5. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Declaratory relief is available per 28 U.S.C. §§ 2201 and 2202.

7. This Court has supplemental jurisdiction over state claims per 28 U.S.C. § 1367.

8. Venue and personal jurisdiction in this District are proper because:

    a. The acts giving rise to this lawsuit occurred within this District and

b.  Defendant transacts business within this District.

### III.  PARTIES

9. Plaintiff is an individual natural person residing in Bronx, Bronx County, New York.

10. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a (3).

11. Defendant, LVNV Funding LLC, is a South Carolina limited liability company with its principal place of business at 55 Beattie Place, Suite 110, Greenville, SC 29601.

12. Plaintiff's alleged "debt," as defined by the FDCPA, 15 U.S.C. 1692a (5), arose from a transaction primarily for personal use.

13. The purpose of the Defendant is to collect debts using mail and telephone.

14. The Defendant is licensed as a "debt collector" in New York.

15. The Defendant is a "debt collector," as that term is defined by 15 U.S.C. § 1692a (6).

16. The Defendant collects debt from consumers through the United States Postal Service (hereinafter "the USPS") and calls debtors via telephone. The Defendant regularly attempts to collect consumers' debts, allegedly due to another company.

17. Defendant is a "Debt Collector," as that term is defined by 15 U.S.C. § 1692(a)(6).

### IV.  FACTS OF THE COMPLAINT

18. On or about January 04, 2024, Plaintiff mailed a dispute letter to Defendant via the USPS, certified mail with tracking number 7020 0640 0002 0785 6450.

19. The disputed debt amount of $1,417.00 is purportedly owed to WebBank.

20. Within the dispute letter, Plaintiff informed the debt collector that the only

convenient way to contact him was via electronic mail (hereafter "email") and provided his email address in the letter.

21. On or about January 13, 2024, the USPS marked the tracking on their website, usps.com, as delivered.

22. On or about January 22, 2024, Plaintiff received a letter from Defendant referencing the letter Plaintiff sent on or about January 04, 2024.

23. In the letter, Defendant wrote, "We have received a recent inquiry regarding the above-referenced account and have enclosed the account summary, which provides verification of debt."

24. The dispute letter from the Plaintiff did not include any requests for information; it solely disputed the debt.

25. The Plaintiff has suffered actual damages as a result of these illegal collection tactics by this Defendant in the form of invasion of privacy, intrusion upon seclusion, personal embarrassment, loss of productive time, emotional distress, frustration, anger, humiliation, and other negative emotions.

26. Defendant violated 15 U.S.C 1692c(a)(1) for communicating with Plaintiff using a method Defendant knew was no longer convenient for Plaintiff, thereby embarrassing Plaintiff in front of his family and friends. The Fair Debt Collection Practices Act (hereinafter "FDCPA") has existed since 1977 to prevent abusive practices in collecting consumer debts. Regulation F was introduced much later to refine and enforce these practices further.

27. While the FDCPA provides the foundation for consumer protections related to debt collection, it has some limitations. For instance, it does not include extensive

provisions for new modes of communication, like electronic mail (hereinafter "email") or social media.

28. Regulation F was introduced by the Consumer Financial Protection Bureau (CFPB) as an updated set of rules that supplement and detail requirements under the FDCPA. It aims to adapt to changes in how debtors and collectors communicate due to technological advances and provide clear rules to prevent legal ambiguity.

29. The purpose of Regulation F is not to replace the FDCPA but to fortify and modernize it. It gives consumers more clarity and agency when interacting with debt collectors while allowing the collection industry to operate effectively.

30. **Regulation F § 1006.14 Harassing, Oppressive, or abusive conduct. (h) Prohibited communication media— (1) In general.** In connection with the collection of any debt, a debt collector must not communicate or attempt to communicate with a person through a communication medium if the person has requested that the debt collector not use that medium to communicate with the person.

31. **15 U.S.C § 1692c Communication in connection with debt collection (**a) Communication with the consumer generally Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt— (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

## V.  FIRST CLAIM FOR RELIEF

**Violation of 15 U.S.C § 1692c(a)(1) as to Defendant, LVNV Funding, LLC, d/b/a Resurgent Capital Services L.P.**

32.  Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

33.  The Debt Collectors violated the FDCPA.

34.  The Debt Collectors' violations include but are not limited to violation of 15 U.S.C § 1692c(a)(1) of the FDCPA by communicating with the Plaintiff at a place. The Defendant knew it was no longer convenient.

35.  15 U.S.C. § 1692(c)(a)(1) prohibits debt collectors from calling consumers "at any unusual time or place or a time or place known, or which should be known to be inconvenient to the consumer."

36.  As a result of the above violations of the FDCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages, and costs.

## VI.  SECOND CLAIM FOR RELIEF

**Violations of the New York General Business Law § 349**

37.  Plaintiff adopts and realleges the preceding as fully stated herein.

38.  Under New York General Business Law § 349, deceptive acts or practices in any business conducted in the State of New York are unlawful.

39.  GBL § 349 provides in relevant part as follows: a. Deceptive acts or practices in the conduct of any business, trade, or commerce or in furnishing any service in this state are declared unlawful. And;

40.  In addition to the right of action granted to the attorney general under this section, any person who has been injured because of any violation of this section may bring an

action in his name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, at its discretion, increase the award of damages to an amount not exceeding three times the actual damages up to one thousand dollars if the court finds the Defendants willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.

41. It is the regular business practice of the Defendant to harass consumers in an abusive manner as a means to pressure the alleged debtor. The Defendant engaged in deceptive practices aimed at other New York consumers. The Defendant's actions have a broad impact on New York consumers.

42. It is the regular business practices of the Defendant to fail to make consumers aware of their rights during their attempts to collect a debt by failing to send consumers a 30-day validation notice within five days of its initial communication. The Defendant engaged in such deceptive practices aimed at other New York consumers. Defendant's actions have a broad impact on New York consumers at large

43. By unlawfully harassing Plaintiff, Defendant caused Plaintiff to suffer actual injury in the form of economic harm, emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

44. By unlawfully seeking to collect a debt from Plaintiff, Defendant caused Plaintiff to suffer actual injury in the form of economic harm, emotional distress, humiliation, anxiety, out-of-pocket expenses, and attorney's fees.

45. As a direct and proximate result of Defendant's deceptive acts and practices

committed in violation of New York GBL § 349, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

46. Plaintiff requests that Defendant be forbidden from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior that was harassing or abusive to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## VII.   JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

A. Judgment for the violations occurred under the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k (1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k (2);

D. Costs and reasonable attorney's fees under 15 U.S.C 1692k (3);

E. Declare that Defendant violated New York General Business Law § 349;

F. Enter judgment in favor of the Plaintiff and against the Defendant for statutory damages, costs, and reasonable attorneys' fees as provided by § 349(h) of the NY GBL.

G.  Enter judgment enjoining Defendant from collecting or attempting to collect any debt alleged to be owed by Plaintiff.

H. For such other and further relief as the Court may deem and proper.

Respectfully submitted:

/s/ Elliot Elo

_____

Elliot M. Elo, Esq. PLLC
42 West 48th Street
2nd Floor
New York, NY, 10036
(212) 302-1257 (telephone)
ElliotEloEsq@aol.com (email)